# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1963
Lower Tribunal No. 19-12993
_____

**Robert G. Risman, Trustee, et al.,**
Appellants,

vs.

**Seaside Villas Condominium Association, Inc. (Fisher Island), et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Stroock & Stroock & Lavan, LLP, and Paul A. Shelowitz and Gabriel Mandler; Joel S. Perwin, P.A., and Joel S. Perwin, for appellants.

Kula & Associates, P.A., Elliot B. Kula, W. Aaron Daniel and William D. Mueller; Meland | Budwick, P.A., and Eric W. Ostroff, for appellee 159 Fisher Island Holdings, LLC; Cole, Scott & Kissane, P.A., and Scott A. Cole and John Cody German, for appellee Seaside Villas Condominium Association, Inc. (Fisher Island).

Before SCALES, MILLER and BOKOR, JJ.

SCALES, J.

Appellants,[1] plaintiffs below, appeal the trial court's September 14, 2021 final summary judgment disposing of Appellants' claims alleging that (i) demolition and significant alterations to a condominium unit owned by appellee and defendant 159 Fisher Island Holdings, LLC ("Holdings"), and (ii) a lease of common elements and/or limited common elements to Holdings – all of which were approved by the Board of Directors of appellee and defendant Seaside Villas Condominium Association ("Association") – required amendment to the declaration of condominium (the "Declaration"). Appellants' operative third amended complaint also alleges that the Board of Directors vote on the lease was invalid because one of the Board members who voted to approve the lease had an undisclosed conflict of interest, and therefore the lease was adopted without a quorum.

Because the trial court correctly construed the relevant portion of the Declaration giving Association the last word in interpreting Declaration provisions, we affirm the trial court's final summary judgment for Holdings on Appellants' claim that Holdings's demolition and new construction plan required an amendment to the Declaration. We are compelled, however, to

---

[1] Appellants are Robert G. Risman, trustee of William B. Risman Trust, and Betty Rae Sherman, representative of the Estate of George Sherman (together "Appellants").

2

reverse that portion of the final summary judgment on Appellants' conflict of interest claim because, contrary to the mandates of Florida's new summary judgment rule, neither the trial court's order, nor any statement by the trial court on the record, discloses the reason the trial court granted Holdings's summary judgment motion as it related to the alleged conflict of interest issue.[2]

## I. Relevant Background

In 2018, Holdings purchased a condominium building ("Building 9") on Fisher Island, Miami Beach. Building 9 was one of the nine buildings of the Association. With the approval of Association's Board of Directors, Holdings demolished Building 9 with the intention of constructing only a large, single-family home on the site. To facilitate Holdings's project, Association – with the approval of Association's Board of Directors – leased approximately 960 square feet of common elements and/or limited common elements property to Holdings for ninety-nine years (subject to renewal) in exchange for a one-time rent payment of $381,046.

---

[2] Florida Rule of Civil Procedure 1.510(a), applicable to summary judgment hearings conducted after May 1, 2021, reads, in relevant part, as follows: "The court shall state on the record the reasons for granting or denying the motion." See In re Amendments to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 77-78 (Fla. 2021).

Association's three-person Board of Directors approved Holdings's demolition and new construction plan on October 10, 2018, by a 3-0 vote; and on May 30, 2019, the Board of Directors approved the lease by a 2-0 vote. Association's counsel, an attorney board-certified in condominium law, advised that, pursuant to the Declaration, the Board of Directors' votes on the Building 9 project did not require amendment to the Declaration or ratification of the other condominium unit owners. Holdings's real estate agent, Board of Directors member Archie Drury (who had received a commission when Holdings purchased Building 9), voted to approve both the demolition and construction plan and the lease. Drury neither disclosed his earlier financial involvement in the Building 9 project, nor recused himself from either vote.

In May 2019, Appellants, two unit owners in a neighboring Association building, filed their lawsuit against both Holdings and Association. The gravamen of Appellants' operative third amended complaint is: (i) both the demolition and new construction plan and the lease are inconsistent with the Declaration and exhibits thereto, and therefore, required Declaration amendments approved by a certain percentage of unit owners, whose approval did not occur; and (ii) the lease is invalid because Drury should have recused himself from the lease vote, and, if he had, there would have

4

been no quorum at the May 30, 2019 meeting at which the lease was approved.

On May 17, 2021, Holdings filed its amended motion for final summary judgment, and on June 22, 2021, Appellants filed their response. On September 14, 2021, after the trial court conducted a hearing on the summary judgment motion, the trial court granted Holdings's motion and entered the challenged final summary judgment in Holdings's favor as to all counts of the operative complaint. With regard to Appellants' claim seeking a declaratory judgment that the demolition and new construction plan, as well as the lease, required an amendment to the Declaration, the trial court's order stated, in relevant part:

> The declarations sought by the Plaintiffs are contradicted by the terms of the Association's declaration of condominium and the lease between Holdings and the Association, and summary judgment shall be granted for the reasons set forth in the Motion and the Reply in support thereof.

As for a specific rationale for granting summary judgment on Appellants' claim that the Board of Directors May 30, 2019 vote approving the lease was invalid, the order merely states that Holdings's motion is granted "for the reasons stated on the record."

Appellants timely appealed this final summary judgment.

## II. Analysis[3]

### A. Inconsistency with Declaration and Requirement of Amendment

The trial court's order correctly concluded that Appellants' claim – that the demolition and new construction plan and lease required Declaration amendment – is contradicted by the express terms of the Declaration. No doubt, the Declaration contains a host of specific provisions regarding Declaration amendments and Board of Directors decisions with or without unit owner ratification, pertaining to additions, alterations, or improvements to units and to the use of common and limited common elements, certain of which are subject to interpretation. We, however, are compelled to affirm the trial court's summary judgment due to an overriding provision of the Declaration, applicable here, section 25.3, which reads, in its entirety, as follows:

> Interpretation. The Board of Directors of the Association shall be responsible for interpreting the provisions hereof and of any of the Exhibits attached hereto. Such interpretation shall be binding upon all parties unless wholly unreasonable. An opinion of legal counsel that any interpretation adopted by the Association is not unreasonable shall conclusively establish the validity of such interpretation.

---

[3] We review *de novo* both a trial court's grant of summary judgment and its interpretation of a declaration of condominium. 814 Prop. Holdings, LLC v. New Birth Baptist Church Cathedral of Faith Int'l, Inc., 344 So. 3d 535, 538 (Fla. 3d DCA 2022).

It is undisputed that Association's Board of Directors interpreted the Declaration as (i) allowing Holdings to demolish Building 9 and undertake the new construction, so long as approved by the Board, and (ii) authorizing the Board to enter into the lease of common elements and/or limited common elements, without having to amend the Declaration. Further, it is equally undisputed that Association's legal counsel concluded that Association's interpretation of the Declaration in this regard was not unreasonable.[4] Therefore, by virtue of the plain and unambiguous language of this provision, coupled with evidence that Association's counsel did not opine that Association's interpretation was unreasonable, the validity of Association's interpretation of the Declaration in this regard is "conclusively establish[ed]."

While Appellants vehemently disagree with Association's interpretation of the relevant Declaration provisions, Appellants neither cite to record evidence as to the inapplicability of Declaration section 25.3, nor did Appellants seek below, or in this appeal, to challenge the validity of section 25.3. Hence, even if we were to disagree with Association's interpretations of the specific provisions in the Declaration governing

---

[4] Our record reflects that Association counsel Marnie Ragan participated in the Board of Directors meetings in which the plans for the Building 9 project were approved, and issued a written opinion as to the validity of the proposed lease of approximately 960 square feet of common and limited common elements.

whether certain unit alterations require a ratification vote of Association unit owners, or whether the Board of Directors was authorized to enter into the lease, it appears that the drafters of the Declaration established a mechanism where, if Association's counsel condones as reasonable Association's interpretation of Declaration provisions, Association has the last word. We are compelled, therefore, to affirm that portion of the trial court's summary judgment adjudicating Appellants' claims that Holdings's demolition and new construction plan and lease would require an amendment to the Declaration and unit owner ratification.

### B. Invalidity of Board Vote on the Lease

In their operative complaint, Appellants allege that, when the lease came before Association's Board of Directors on May 30, 2019, the Board consisted of three members, and that one of those three, Brian Neff, recused himself from the lease vote because he was an owner of Holdings. Appellants allege that, pursuant to Section 718.3027(4) of the Florida Statutes,[5] "Drury was statutorily required to recuse himself too because of

---

[5] This statute reads in relevant part: "A director . . . who is a party to, or has an interest in, an activity that is a possible conflict of interest, . . . may attend the meeting at which the activity is considered by the board and is authorized to make a presentation to the board regarding the activity. After the presentation, the director . . . must leave the meeting during the discussion of, and the vote on, the activity. A director . . . who is a party to, or has an

his conflicts of interest in connection with [Holdings's] acquisitions in Building 9 and the inextricably intertwined . . . Demolition and New Construction Plan." Consequently, because, according to Appellants, Drury was statutorily prohibited from voting on the lease, Appellants allege that the lease is invalid for the reason that the Board of Directors lacked a quorum when it approved the lease on a 2-0 vote.

While the trial court's order granting summary judgment for Holdings on this claim cites to the "reasons stated on the record," we are unable to discern from the record (i.e., both the order and the transcript of the summary judgment hearing) the reasons relied upon by the trial court. In its opinion adopting the new summary judgment standard, our Florida Supreme Court expressed its rationale for requiring trial courts to clearly express the reasons for granting and denying summary judgment motions:

> Where federal rule 56(a) says that the court *should* state on the record its reasons for granting or denying a summary judgment motion, new rule 1.510(a) says that the court *shall* do so. The wording of the new rule makes clear that the court's obligation in this regard is mandatory.
>
> To comply with this requirement, it will not be enough for the trial court to make a conclusory statement that there is or is not a genuine dispute as to a material fact. <u>The court must state the reasons for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate</u>

---

interest in, the activity must recuse himself or herself from the vote." § 718.3027(4), Fla. Stat. (2018).

> review. On a systemic level, we agree with the commenters who said that this requirement is critical to ensuring that Florida courts embrace the federal summary judgment standard in practice and not just on paper.

In re Amendments to Fla. R. Civ. P. 1.510, 317 So. 3d at 77 (italicized emphasis in original, underlined emphasis added).

While our standard of review is *de novo*, we will not adjudicate this issue in the first instance. To be clear, we express no opinion whatsoever on Appellants' claim in this regard. We are simply unable to meaningfully review the trial court's rationale in granting Holdings's summary judgment on this claim. Therefore, to the extent that the trial court granted Holdings's summary judgment motion on this claim, we reverse the judgment and remand for proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.